East'n District.
*April*, 1823.

*DAVID* vs. *SITTIG.*

DAVID
*vs.*
SITTIG.

APPEAL from the court of the parish and city of New-Orleans.

Declarations of the father are good evidence of the age of the child if made before the cause of action arise.

MATHEWS, J. delivered the opinion of the court. This suit was brought on two promissory notes, executed by the defendant in favor of the plaintiff. The former pleaded infancy, and consequent incapacity to contract any binding obligation; he obtained judgment, from which the latter appealed.

The notes given in evidence by the appellant, are dated, one in September, and the other in November, 1819. In support of his plea of infancy the appellee offered a passport signed by his father, (wherein he states himself consul of his Majesty the king of the Netherlands,) dated in 1817. In this instrument the son is stated at that time to have been 17 years old, and its genuineness is ascertained by proof. Oral evidence was also tendered, to prove his youthful appearance and boyish conduct, during his voyage to New-Orleans, and subsequent to that period; and likewise that the fact of his minority, at the time of making the promissory notes on

DAVID
vs.
SITTIG.

which this action is founded, was known to the plaintiff. To the introduction of all this testimony, a bill of exceptions was filed, as being contrary to the general rule of evidence, which requires the best that the nature of a cause admits. The passport signed by the father is also opposed on the ground of his incompetency to testify, as established by our code.

It is true that according to our law, ascendants and descendants cannot be witnesses for or against each other. *Civil Code, p.* 312, *art.* 248.

The most obvious reasons, on which this rule is founded, are danger of perjury on account of improper bias; and the inhumanity of arraigning as witnesses, parents against their children, or children against their parents. But in the present case, it is not attempted directly to introduce the father as a witness. Evidence is offered, only, to show what he has declared and written, in relation to a fact, completely within his knowlege; and which was uttered at a time, when he stood without temptation to evade or fall short of the truth. In pursuance of this doctrine, (contrary to the general rule that hearsay is not evidence,) memoranda made in bi-

bles, or any other family registers; and even
public reputation, are received as good proof
of births and pedigrees. See *Phil. Ev. Am. ed.*
of 1816, *p.* 473.

It is true that the law of the country, under
which these exceptions to the general rule
are tolerated, does not render ascendants and
descendants incompetent to testify for or
against each other. But the reasons on which
they are founded, viz. necessity or the fre-
quent impossibility of procuring better evi-
dence; and great probability of the truth of
facts thus recorded or declared, arising from
the unbiassed state of mind in which they are
uttered, appears to us to be equally forcible
under our own law. Parochial registers, in
countries where by law they are required to
be kept, are perhaps the most authentic and
best evidence of births and pedigrees; but it
does not appear that such is the law or custom
of the kingdom in which the defendant was
born; and even if it did, it is clear that the
testimony on which registries of that kind are
commonly made, is the declaration of the fa-
ther or mother, and receives credit on the
ground that they were best acquainted with
the fact, and declared it free from improper

East'n District.
*April*, 1823.

DAVID
*vs.*
SITTIG.

bias, or temptation to falsify. In the absence of this higher species of evidence, courts of justice are in the habit of resorting to hearsay and public reputation, in relation to such matters; and we are of opinion that the parish court did not err in receiving the testimony offered in the present case on the part of the defendant. Being received, it supports his plea of minority, and consequent incapacity to contract in the manner alleged by the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the court below, be affirmed with costs.

*Seghers* for the plaintiff, *Davezac* for the defendant.